# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------------------X     Index No.:

ROSAURI CAPPELLAN MENDOZA,

                                Plaintiff,

                                                     **SUMMONS**

            -against-

SHIBNAD LOGISTICS LLC,

                               Defendant.
----------------------------------------------------------------------------X

       The place of trial is designated in the caption of this matter.  The basis of venue is:
The County where Defendant's principal place of business is located and where the incident(s)
occurred.

To the above named Defendant:

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive
of the date of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Massapequa Park, New York
       March 15, 2021

                                 Yours, etc.,

                                  *Joseph P. Donnelly*
                                  Joseph P. Donnelly
                                  **DONNELLY STEHN, LLP**
                                  *Attorneys for Plaintiff*
                                  1035 Park Blvd, Ste 2C
                                  Massapequa Park, New York 11762
                                  (516) 590-7555

**To**:
        **SHIBNAD LOGISTICS LLC**
        *Serve via New York Secretary of State*

Case 1:21-cv-04410-LGS   Document 1-1   Filed 05/17/21   Page 3 of 14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------------------X  Index No.:

ROSAURI CAPPELLAN MENDOZA,

        Plaintiff,

               **VERIFIED COMPLAINT**

    -against-

SHIBNAD LOGISTICS LLC,

        Defendant.

---------------------------------------------------------------------------X

   Plaintiff, by her attorneys, DONNELLY STEHN, LLP, complaining of the defendants, sets

forth and alleges as follows:

### NATURE OF ACTION

   1.   Plaintiff, ROSAURI CAPPELLAN MENDOZA (hereinafter "Rosauri"), is female

who resides in Lebanon County in the State of Pennsylvania.

   2.   Defendant discriminated against, harassed, and retaliated against Rosauri based on

her gender in violation of the New York City Human Rights Law, New York City Administrative

Code 8-107 *et seq.*("NYCHRL") and Article 15 of the Executive Law of the State of New York

(Human Rights Law), New York State Executive Law Section 290 et seq. ("NYSHRL").

### ADMINISTRATIVE PROCEDURES

   3.   Upon commencement of this action, a copy of this Complaint will be served on the

New York City Commission on Human Rights and the Office of Corporation Counsel of the City

of New York, thereby satisfying the notice requirements of the New York City Administrative

Code.

   4.   Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

5.      Rosauri is a female residing in the State of Pennsylvania.

6.      Defendant SHIBNAD LOGISTICS LLC (hereinafter "SHIBNAD") is a domestic limited liability company doing business in the State of New York.

7.      Defendant SHIBNAD is a domestic limited liability company with a principal place of business located at 1300 Viele Ave, County of Bronx and State of New York.

8.      At all relevant times herein, SHIBNAD operated a shipping and/or freight/package delivery company.

9.      At all relevant times herein, SHIBNAD met the definition of an "employer" under all relevant statutes (i.e. NYCHRL, NYSHRL and any other applicable statutes).

10.     At all relevant times herein, Rosauri was employed by Defendant SHIBNAD.

11.     At all times relevant herein, Rosauri was qualified for her position at SHIBNAD.

12.     At all relevant times herein, Rosauri met the definition of an "employee" under all applicable statutes (i.e.  NYCHRL, NYSHRL and any other applicable statutes).

13.     Rosauri has not commenced any other civil action, nor does she have an action pending before any administrative agency, under any State or local law, based upon this same unlawful discriminatory practice.

## FACTUAL ALLEGATIONS

14.     In or around October 2019, Rosauri became employed as a delivery driver with defendant SHIBNAD.

15.     Rosauri worked out of SHIBNAD'S location at 1300 Viele Ave, County of Bronx and State of New York.

16.     Upon information and belief, at all times relevant, Eddy (or Eric) David Pena (hereinafter "Pena") was employed by defendant SHIBNAD.

17.     Upon information and belief, at all times relevant, Pena was one of Rosauri's supervisors and/or managers at SHIBNAD.

18.     Upon information and belief, at all times relevant, Pena exercised supervisory and/or managerial control over Rosauri.

19.     Upon information and belief, at all times relevant, Pena had the authority to fire Rosauri.

20.     Upon information and belief, at all times relevant, Pena had the authority to control the conditions of Rosauri's employment.

21.     Upon information and belief, at all times relevant, Abubaker Sadaukyi (hereinafter "Sadaukyi") was the owner of defendant SHIBNAD.

22.     Upon information and belief, at all times relevant, Sadaukyi was one of Rosauri's supervisors and/or managers at SHIBNAD.

23.     Upon information and belief, at all times relevant, Sadaukyi exercised supervisory and/or managerial control over Rosauri.

24.     Upon information and belief, at all times relevant, Sadaukyi had the authority to fire Rosauri.

25.     Upon information and belief, at all times relevant, Sadaukyi had the authority to control the conditions of Rosauri's employment.

26.     Upon information and belief, at all times relevant, Jose (last name unkown) was employed by defendant SHIBNAD.

27.     Upon information and belief, at all times relevant, Jose was one of Rosauri's supervisors and/or managers at SHIBNAD.

28.     Upon information and belief, at all times relevant, Jose exercised supervisory and/or managerial control over Rosauri.

29.     Upon information and belief, at all times relevant, Jose had the authority to fire Rosauri.

30.     Upon information and belief, at all times relevant, Jose had the authority to control the conditions of Rosauri's employment.

31.     In or around December 2019, Pena began complimenting Rosauri on her appearance.

32.     In or around January 2020, Pena told Rosauri that he wanted to take her out. Rosauri replied that she was married, and Pena stated exactly, or words similar to, "I'm not the jealous type."

33.     Upon information and belief, the above exchange happened in front of manager Jose.

34.     Shortly thereafter, in January 2020, Pena called Rosauri and asked her to meet him at a location in White Plains to assist him with a package issue.

35.     Rosauri met Pena at the location and Pena asked Rosauri to come into his work van.  Rosauri entered the van and Pena closed the door.  Pena then said to Rosauri exactly, or words similar to, "Are you scared? Have you ever cheated on your husband?"  Rosauri replied, "I do not wish to say anything about my private life."

36.     Pena then said to Rosauri exactly, or words similar to, "What would you do if I was to kiss you" and then kissed Rosauri on her lips.

Case 1:21-cv-04410-LGS   Document 1-1   Filed 05/17/21   Page 7 of 14

37.    Pena then pulled down his pants and exposed his penis to Rosauri and asked her if it "was big."

38.    Pena then asked Rosauri for another kiss, but this time on his penis.  Rosauri replied, "Are you crazy?"

39.    Pena then pulled up his pants and told Rosauri not to tell anyone about what happened.

40.    Rosauri then took the packages and went back to her work van and left the location.

41.    When Rosauri went back to the location she told a co-worker about what Pena did to her.

42.    Approximately three days later, Rosauri informed Jose about what happened with Pena in the van.

43.    Upon information and belief, Jose informed Sadaukyi about what Rosauri told him and Sadaukyi told Rosauri that he wanted to have a meeting with Pena, Jose, and himself to discuss the situation.  Rosauri told Sadaukyi that she was not comfortable being in a meeting with Pena. Sadaukyi said that he would meet with Pena then and will let her know what happened.

44.    Upon information and belief, Sadaukyi spoke with Pena and afterwards terminated him.

45.    Several days later, on or about January 20, 2020, Sadaukyi terminated Rosauri's employment with SHIBNAD.

46.    When Rosauri asked Sadaukyi why she was being fired, Sadaukyi told her that Pena had said that it was Rosauri who initiated the encounter and that was not acceptable business behavior.

47.     Jose told Rosauri that she always joked around a lot and that can be misconstrued, implying that she brought Pena's actions upon herself.

48.     The following day, Rosauri went to the New York City Police Department's 41st Precinct and reported the incident with Pena to the police.

49.     Upon information and belief, other female drivers at SHIBNAD had previously reported that they has been sexually harassed there.

50.     All the aforementioned sexual harassment directed at Rosauri was unwelcome.

51.     All the aforementioned caused Rosauri humiliation, pain and suffering, mental and psychological pain and anguish.

52.     Based upon the aforementioned, Rosauri suffered a hostile work environment.

53.     Based upon the aforementioned, the work environment was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of Rosauri's work environment.

54.     Based upon the aforementioned, Rosauri was retaliated against.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT FOR DISCRIMINATION IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW**

55.     Rosauri repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

56.     Defendant's disparate and discriminatory treatment of Rosauri on the basis of her gender was in violation of the New York City Human Rights Law (New York City Administrative Code 8-107, *et seq* and all other applicable provisions of the New York City Human Rights Law) ("NYCHRL").

57.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Rosauri suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of damages and attorneys' fees.

58.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Rosauri suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees.

59.     Defendant's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Rosauri under NYCHRL for which Rosauri is entitled to an award of punitive damages and attorneys' fees.

60.     By reason of the foregoing, Rosauri seeks compensatory damages in an amount that exceeds the jurisdictional limits of all lower courts, punitive damages, attorneys' fees, the costs of this action, as well as other damages.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT FOR RETALIATION IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

61.     Rosauri repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

62.     Defendant's retaliatory conduct against Rosauri was in violation of the New York City Human Rights Law (New York City Administrative Code 8-107, *et seq.*) and all other applicable provisions of the New York City Human Rights Law.

63.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYCHRL, Rosauri suffered, and continues to suffer, monetary and/or economic harm,

Case 1:21-cv-04410-LGS   Document 1-1   Filed 05/17/21   Page 10 of 14

including, but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of damages and attorneys' fees.

64.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYCHRL, Rosauri suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees.

65.     Defendant's unlawful and retaliatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Rosauri under NYCHRL for which Plaintiff is entitled to an award of punitive damages and attorneys' fees.

66.     By reason of the foregoing, Rosauri seeks compensatory damages in an amount that exceeds the jurisdictional limits of all lower courts, punitive damages, attorneys' fees, the costs of this action, as well as other damages.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT FOR DISCRIMINATION IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

67.     Rosauri repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

68.     Defendant has discriminated against Rosauri on the basis of her gender in violation of New York State Executive Law §290 *et seq.,* New York State Human Rights Law ("NYSHRL") by sexually harassing Rosauri and thereby creating a hostile work environment, as well as unlawfully terminating Rosauri's employment.

69.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYSHRL, Rosauri suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of damages and attorneys' fees.

70.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYSHRL, Rosauri suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees.

71.     By reason of the foregoing, Rosauri seeks compensatory damages in an amount that exceeds the jurisdictional limits of all lower courts, attorneys' fees, the costs of this action, as well as other damages.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANT FOR RETALIATION IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

72.     Rosauri repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

73.     By the actions described above, among others, Defendant has retaliated against Rosauri on the basis of her protected activities in violation of the NYSHRL.

74.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYSHRL, Rosauri suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of damages and attorneys' fees.

75.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYSHRL, Rosauri suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees.

76.     By reason of the foregoing, Rosauri seeks compensatory damages in an amount that exceeds the jurisdictional limits of all lower courts, attorneys' fees, the costs of this action, as well as other damages.

WHEREFORE, plaintiff seeks judgment on all her causes of action for compensatory damages in an amount that exceeds the jurisdictional limits of all lower courts, punitive damages, attorneys' fees, the costs of this action, as well as other damages.

Dated: Massapequa Park, New York
      March 15, 2021

                    Yours, etc.,

                    *Joseph P. Donnelly*
                    Joseph P. Donnelly
                    **DONNELLY STEHN, LLP**
                    *Attorneys for Plaintiff*
                    1035 Park Blvd, Ste 2C
                    Massapequa Park, New York 11762
                    (516) 590-7555

### ATTORNEY'S AFFIRMATION

The undersigned, an attorney duly admitted to practice in the courts of the State of New York, hereby affirms the following under the penalties of perjury, that the affiant is a partner of

Donnelly Stehn, LLP

attorneys of record for the plaintiff(s) in the within action; that the affiant has read the foregoing

COMPLAINT

and same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe to be true. Affiant further says that the reason this affirmation is made by affiant and not by the plaintiff(s), is that the plaintiff(s) are currently outside the County where our office is maintained.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Statements of the plaintiff(s), contents of file, books and records.

Dated: Massapequa Park, New York
       March 15, 2021

*Joseph P. Donnelly*
Joseph P. Donnelly

INDEX #:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------------------------------------------x

ROSAURI CAPPELLAN MENDOZA,

Plaintiff,

   -against-

SHIBNAD LOGISTICS LLC,

Defendants.

-------------------------------------------------------------------------------------------------------x

---

**SUMMONS AND COMPLAINT**

---

**DONNELLY STEHN, LLP**
Attorneys for Plaintiff
1035 Park Blvd, Suite 2C
Massapequa Park, New York 11762
(516) 590-7555
(516) 430-3943 Fax
